An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

OCTAVIO VEREGAS FELIX A/K/A
OCTAVIO VENEGAS FELIX,
Appellants,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63686

**FILED**

MAY 1 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY ___S. Young___
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant Octavio Veregas Felix's post-conviction motion to withdraw his guilty plea and/or modify sentence. Eighth Judicial District Court, Clark County; James M. Bixler, Judge.

Felix contends that the district court erred by denying his motion because counsel's failure to correctly advise him of the immigration consequences of pleading guilty resulted in a manifest injustice. *See* NRS 176.165; *Padilla v. Kentucky*, 559 U.S. 356 (2010). He further asserts that the district court erred by finding that his motion was subject to the equitable doctrine of laches. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). We review a district court's determination whether counsel was ineffective de novo, *Rubio v. State*, 124 Nev. 1032, 1039, 194 P.3d 1224, 1228-29 (2008), and its

SUPREME COURT
OF
NEVADA

(O) 1947A

14-15415

determination whether withdrawal was warranted for an abuse of discretion, *Molina v. State*, 120 Nev. 185, 191, 87 P.3d 533, 538 (2004).

Even assuming, without deciding, that the doctrine of laches did not preclude consideration of Felix's motion, he is not entitled to relief because "*Padilla* does not have retroactive effect." *Chaidez v. United States*, 568 U.S. ___, ___, 133 S. Ct. 1103, 1105 (2013). We reject Felix's assertion that his case is not final because the instant motion is tantamount to a direct appeal. Moreover, the record does not demonstrate that Felix was affirmatively misadvised of the immigration consequences of pleading guilty. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:  Hon. James M. Bixler, District Judge
Law Offices of Anthony D. Guenther, Esq.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk